IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE HEGGINS, | 1:12-cv-01537 SKO (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| DEBORAH K. JOHNSON, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

    In this case, the petitioner is challenging a conviction from Riverside County, which is in the

1 Central District of California. Therefore, the petition should have been filed in the United States District
2 Court for the Central District of California. In the interest of justice, a federal court may transfer a case
3 filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d
4 918, 932 (D.C. Cir. 1974).

5 Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
6 District Court for the Central District of California.

7 IT IS SO ORDERED.

8 **Dated:   September 24, 2012**            /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE